UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

TONY TYRONE BLACK,

   Defendant.

Case No. CR97-5017 FDB

ORDER DENYING MOTION FOR COMPASSIONATE SENTENCE MODIFICATION

This matter comes before the Court on motion of Defendant for "compassionate sentence modification." This motion is but the latest in a long history of post-trial motions in this case.

District courts do not have 'inherent authority' to reconsider sentencing orders. United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999). Instead, the Court's authority to modify a term of imprisonment is constrained by 18 U.S.C. § 3582(c), which provides in pertinent part (emphasis added):

(c) Modification of an imposed term of imprisonment.- **the court may not modify a term of imprisonment once it has been imposed except that**-

(1) in any case-

ORDER - 1

(A) the court, **upon motion of the Director of the Bureau of Prisons**, may reduce the term of imprisonment ... if it finds that-

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, .. and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community....;

(B) the court may modify an imposed term of imprisonment to the extent otherwise **expressly permitted by statute or by Rule 35** of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment **based on a sentencing range that has subsequently been lowered by the Sentencing Commission** ... upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment....

By the terms of 18 U.S.C. § 3582(c), the Court is prohibited from modifying a term of imprisonment once it has been imposed unless one of the enumerated exception applies. See United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003). The first circumstance provides that the Court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(I). This exception is inapplicable to Defendant because he, rather than the Director of the Bureau of Prisons, has brought this motion. See United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997).

The second exception, 18 U.S.C. § 3582(c)(1)(B), provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." This exception does not require a motion to be brought by the Director of the Bureau of Prisons. However, the Court is aware of no other statute that would expressly permit it to modify Defendant's term of imprisonment, and Defendant has not

ORDER - 2

provided any. The rule applies only in very narrow circumstances and does not permit a court to simply reverse its decision about an appropriate sentence. United States v. Penna, 319 F.3d 509, 512 (9th Cir. 2003). Federal Rule of Criminal Procedure 35 permits the Court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days of sentencing. Fed. R. Crim. P. 35(a). This exception does not apply at this late date. Nor does Rule 35(b), which provides that the government may move for a reduction of sentence when a defendant has provided substantial assistance to the government. Fed. R. Crim. P. 35(b). The government has not so moved, and Defendant does not claim to have provided any such assistance.

Finally, the exception provided in 18 U.S.C. § 3582(c)(2) does not apply, as that section permits a reduction in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. The Defendant cites the Supreme Court decision in Begay v. United States, 553 U.S. ___, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) as pertinent to his determination. However, the decision in Begay did not lower sentencing ranges, nor was Begay an action by the Sentencing Commission. Therefore, 18 U.S.C. § 3582(c)(2), by its own terms does not apply.

For the foregoing reasons, no exception to the finality of Defendant's sentence applies, and the Court is foreclosed from providing a "compassionate sentence modification."

ACCORDINGLY;

IT IS ORDERED:

Defendant's Motion for compassionate sentence modification [Dkt. # 144] is **DENIED**.

DATED this 11th day of August, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3